```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
DEVON GORDON,
                                :
           Plaintiffs,                    ORDER
                                :
        -against-                     12 cv. 7223 (MHD)
                                :
LONG ISLAND RAILROAD,
                                :
           Defendant.
--------------------------------x
```

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

    This lawsuit under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., is currently scheduled for trial on September 8, 2015. By letter dated August 10, 2015 (attached as an exhibit to this order ["Gold letter"]), plaintiff's counsel seeks to cancel the scheduled submission of pretrial papers (due on August 11, 2015) and the trial itself and to leave the case in indefinite limbo because it remains uncertain whether plaintiff will ever be able to return to work as a conductor on the railroad. (Gold letter at pp. 1-2). According to counsel, given this uncertainty the parties are unable to try the case or even to discuss settlement until that question is clarified (id.) -- a question that has remained open since this lawsuit was filed nearly three years ago, and indeed since plaintiff was allegedly injured on the job, more than five years ago. (Compl. ¶ 7). Alternatively counsel indicates

1

that the parties will voluntarily dismiss the case without prejudice. (Gold letter at p. 2).

The application is denied. We do not enter into a critique of the attorney's professed inability to assess risk in light of the lengthy medical history of the plaintiff post-accident or his stated unwillingness to try the case without further clarification of plaintiff's eventual medical fate. We do note that the conclusion of discovery had been postponed innumerable times as the plaintiff proceeded through multiple surgeries and each time counsel suggested a time frame for resolution, or at least clarification, of the question about plaintiff's knee problems. (See, e.g., Orders dated Dec. 18, 2013 [docket no. 10], May 29, 2014 [docket no. 14], July 29, 2014 [docket no. 15], December 18, 2014 [docket no. 22]). Indeed, over a year ago, we granted one of many extensions, noting that "[t]his application is granted, but with the proviso that discovery will not be held open indefinitely because of uncertainties as to plaintiff's prognosis." (Order dated July 29, 2014 [docket no. 15]). We added that "[n]o further adjournments should be expected" (id.), although we continued to allow counsel to push off the disposition of the case. (See, e.g., Orders dated Nov. 25, 2014 [docket no. 21], Dec. 18, 2014 [docket no. 22], Jan. 26, 2015 [docket no. 23]).

2

It was only after we issued an order on June 2, 2015 setting yet another deadline (July 31, 2015) to finish discovery and prepare for trial that plaintiff's counsel has presented us with what may be a more candid representation that, in effect, there is no schedule (and apparently can be none) to make the determinations that he views as necessary to enable him to undertake either settlement efforts or trial. (Gold letter pp. 1-2).

Were we to consent to plaintiff's demand, we would surrender the last shreds of our ability to manage this case, and would do so in the absence of any compelling reason to turn this court into a parking lot for this lawsuit. We decline to do so.

The parties are free to settle the case, or try it on the assumption that a jury can judge, based on a five-year medical record, what plaintiff's claims are worth. If, instead, they determine to dismiss the case, so be it.

**Dated: New York, New York**
**August 12, 2015**

_____
**MICHAEL H. DOLINGER**
**UNITED STATES MAGISTRATE JUDGE**

LAW OFFICES

# FREDRIC M. GOLD PC

A PROFESSIONAL CORPORATION

FREDRIC M. GOLD

LAURIE HOCKMAN
LEGAL ASSISTANT

450 SEVENTH AVE., SUITE 1308
NEW YORK, NEW YORK 10123
212.244.2740
FAX 212.244.2258
www.myrailroadlawyer.net
fredricmgold@verizon.net

Via Facsimile (212) 805-7928

August 10, 2015

Hon. Michael H. Dolinger, USMJ
United States District Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    Gordon v. LIRR
                12 CV 7223 (MHD)

Dear Judge Dolinger:

As the docket will reflect, the pre-trial documents in this matter are to be filed by tomorrow, August 11, 2015 with the trial scheduled to follow for September 8, 2015.

Karla Alston, Esq., attorney for defendant, and I have conferred several times over the past couple of weeks with regard to this case. Although the plaintiff has continued with medical treatment, he has still has not made any significant progress towards the resolution of his knee injuries. He is not close to returning to work as a conductor nor is it known if he will ever be able to return to this job at all. And therein lies our problem.

At this time, it is simply not possible for either party to properly evaluate or move forward with regard to settlement or trial of this action. Without knowledge of the next stage of medical treatment or a definite prognosis, plaintiff's damages cannot be accurately assessed. The parties must know whether or not he can resume his work as a conductor or if he will be medically disqualified by the railroad from that craft if he cannot. Should that happen we would need to determine if there is a position in which he could be placed which would allow him to continue with his railroad career.

Page Two

Hon. Michael Dolinger
August 10, 2015

The parties are sensitive to your Honor's frustration with our inability to proceed but what started out as a "routine" knee injury has transformed into a medical nightmare for Mr. Gordon while thwarting our intentions for a timely, reasonable conclusion of the case.

As your Honor knows, most of these railroad cases are able to be resolved through settlement, but in this instance, the parties cannot even engage in meaningful negotiations until the limbo of plaintiff's medical and work situation is straightened out.

Wherefore, in light of the above, both the undersigned and Ms. Alston request that the filing of the pre-trial documents along with the present trial date be adjourned until such time as the outcome of Mr. Gordon's medical and work situation can be fully addressed.

If your Honor is not inclined to grant the requested relief, the parties are reluctantly prepared to file a Stipulation of Discontinuance, without prejudice of course. We would naturally strongly prefer to maintain the present action but we can see no possible way to move forward towards trial at the present time.

Your consideration of this request is most appreciated by the parties.

Respectfully,

Fredric M. Gold

cc:   Karla R. Alston, Esq.
      LIRR Law Department